UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ZAKIRA SANTASHA PORTER,<br><br>　　　　Petitioner,<br><br>　　　　v.<br><br>SHERIFF,<br><br>　　　　Respondent. | CAUSE NO. 2:24-CV-382-GSL-AZ |

OPINION AND ORDER

Zakira Santasha Porter, a prisoner without a lawyer, filed a habeas petition challenging her pretrial detention at the Lake County Jail in connection with two criminal proceedings pending in the Lake Superior Court, Case No. 45G01-2205-F5-253 and Case No. 45G01-2205-F3-68.[1] Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

In the petition, Porter asserts that she is entitled to habeas relief because the police conducted an unlawful search and seizure of her property and violated her Miranda rights and her right against self-incrimination, because the trial court deprived her of her right to self-representation, and because she is in imminent danger at the Lake County Jail. Significantly, "[h]abeas corpus lies only if the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." *Harts v. State of*

---

[1] Pursuant to Fed. R. Evid. 201, the court takes judicial notice of the electronic dockets for the Indiana courts, which are available at https://public.courts.in.gov/mycase/.

*Ind.*, 732 F.2d 95, 96 (7th Cir. 1984). As a result, claims relating to the conditions of confinement cannot be raised in habeas cases. *Robinson v. Sherrod*, 631 F.3d 839, 840–41 (7th Cir. 2011) ("When there isn't even an indirect effect on duration of punishment . . . we'll adhere to our long-standing view that habeas corpus is not a permissible route for challenging prison conditions."). Further, the alleged violations by the police and trial court do not necessarily suggest that Porter's pretrial detention is unconstitutional and would not necessarily entitle Porter to release even if these violations were proven true. *See Manuel v. City of Joliet, Ill.*, 580 U.S. 357, 367 (2017) ("The Fourth Amendment prohibits government officials from detaining a person in the absence of probable cause."). Stated otherwise, probable cause for pretrial detention could plausibly exist even if the evidence obtained as a result of the challenged search and interrogation was excluded, and it is unclear how the denial of self-representation relates, if at all, to Porter's pretrial detention.

Additionally, Porter has not exhausted State court remedies with respect to any claims that might entitle her to habeas relief. Exhaustion of State court remedies is not a statutory requirement for habeas petitions filed pursuant to 28 U.S.C. § 2241, but "federal courts nevertheless may require, as a matter of comity, that such detainees exhaust all avenues of state relief before seeking the writ." *United States v. Castor*, 937 F.2d 293, 296–97 (7th Cir. 1991). Judicially-created common-law exhaustion applies when Congress has not clearly required exhaustion via statute. *Gonzalez v. O'Connell*, 355 F.3d 1010, 1015-16 (7th Cir. 2004). To exhaust, a habeas petitioner must "assert his federal claim through one complete round of state-court review, either on direct appeal

of his conviction or in post-conviction proceedings. This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory." *Lewis v. Sternes*, 390 F.3d 1019, 1025-26 (7th Cir. 2004).

In Indiana, challenges to the lawfulness of searches, interrogations, or arrests can be raised in an interlocutory appeal. *See State v. Keller*, 845 N.E.2d 154 (Ind. Ct. App. 2006) (unlawful interrogation); *Wesley v. State*, 696 N.E.2d 882 (Ind. Ct. App. 1998) (unlawful arrest); *Hammond v. State*, 675 N.E.2d 353 (Ind. Ct. App. 1996) (unlawful search). Based on review of the electronic docket for the State courts, Porter has not presented such challenges to the State courts at any level, nor has she sought interlocutory appeal. As a result, the court also finds that her claims are unexhausted.

Pursuant to Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when the court dismisses a petition on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is no basis for finding that jurists of reason would debate the correctness of this procedural ruling or for encouraging Porter to proceed further in federal court until he has exhausted his claim in State court.

For these reasons, the court:

(1) DISMISSES the petition (ECF 1) pursuant to Rule 4 of the Rules Governing Section 2254 Cases because the claims are invalid and unexhausted;

(2) DENIES Zakira Porter a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; and

(3) DIRECTS the clerk to close this case.

SO ORDERED on November 4, 2024

/s/Gretchen S. Lund
JUDGE
UNITED STATES DISTRICT COURT